UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

JORDAN RANDOLPH,

                 *Plaintiff*,

                                    **MEMORANDUM AND ORDER**

      -*against*-

                                    21-CV-841(KAM)(LB)

THE SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE; *et al.*,

                 *Defendants*.
---------------------------------X

**KIYO A. MATSUMOTO, United States District Judge**:

        On February 25, 2021, *pro se* plaintiff Jordan Randolph ("Plaintiff"), who is currently detained at the Suffolk County Correctional Facility while awaiting trial in New York state court, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his indictment following a car accident that occurred in January 2020 in Suffolk County, New York.[1]  This is the second case Plaintiff initiated in this District regarding the same pending criminal charges.

        Plaintiff's request to proceed *in forma pauperis* is GRANTED.  For the reasons that follow, Plaintiff's complaint is DIMSISSED in its entirety.

---

[1] Plaintiff named as defendants: the Suffolk County District Attorney's Office, Assistant District Attorney Jacob E. Delauter, criminal defense attorney Peter Mayer IV, and the law firm Mayer Baron PLLC.

## Background

Plaintiff filed his first civil rights action in this District on September 30, 2020. (*See generally* Case No. 20-cv-4719 (KAM)(LB), ECF No. 1, Complaint.) On November 2, 2020, this court entered a Memorandum and Order in that case, which dismissed certain of the defendants named by Plaintiff, and allowed his claims to proceed against certain other defendants. (*See generally* Case No. 20-cv-4719 (KAM)(LB), ECF No. 6, Memorandum and Order.) The court's Memorandum and Order recounted the factual background giving rise to Plaintiff's claims. (*See id.* at 2-4.) In short, Plaintiff was involved in a deadly car accident on January 12, 2020 in Shirley, New York. (*See id.* at 2.) Plaintiff was subsequently indicted in New York state court on charges of, *inter alia*, vehicular homicide and driving while intoxicated. (*See id.* at 3.) The criminal charges against Plaintiff remain pending in state court, and Plaintiff is currently detained at the Suffolk County Correctional Facility.

In the previous civil rights case, Plaintiff alleged civil rights violations related to alleged police brutality and malicious prosecution. (*See id.* at 6-12.) This court dismissed his claims against certain defendants, either due to a lack of their personal involvement in the alleged deprivation of Plaintiff's civil rights, or due to their immunity from suit.

(*See id.*)  That case remains pending in this District; the remaining defendants have answered Plaintiff's complaint, and Magistrate Judge Lois Bloom stayed discovery pending the adjudication of the criminal charges against Plaintiff in state court.  (*See generally* Case No. 20-cv-4719 (KAM)(LB), ECF No. 8, Answer; ECF No. 10, Order.)

Plaintiff then filed this second action in this court, and raised an allegation related to the same pending criminal charges: that the prosecution violated his rights by failing to provide notice of the time and place of the grand jury proceedings, and by failing to provide Plaintiff with documents from those proceedings.  (*See* ECF No. 1, Complaint ("Compl."), at 5-12.)

## Legal Standard

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents, and dismiss the complaint, or any portion of the complaint, if the complaint or a portion of it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1); *see also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is "mandatory").  Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it

3

determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The court construes *pro se* pleadings liberally, particularly where they allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, while courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (quotation marks and citations omitted), a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face," *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (quotation marks omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks omitted).

To sustain a claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege both that "the conduct complained of [was] . . . committed by a person acting under color of state law," and also that the conduct "deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

## Discussion

Plaintiff alleges that he was not notified of the grand jury proceedings at which he was indicted in state court, and that his rights were violated because he was not afforded an opportunity to appear before the grand jury. (*See* Compl. at 5-8.) Plaintiff further alleges that he requested documents related to the grand jury proceeding from both the Suffolk County District Attorney's Office, and from his defense attorney Peter Mayer IV, but he never received any documents. (*See id.* at 8-10.)

First, Plaintiff has not alleged any plausible claim under the United States Constitution, or under federal law. In his complaint, Plaintiff cites the New York Criminal Procedure Law, which provides: "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any

5

indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent." N.Y. Crim. Proc. Law § 190.50(5)(a). If a "defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding[,] . . . the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein[.]" *Id.*

Plaintiff, however, commenced this action pursuant to Section 1983, a federal law, and so he must plausibly allege conduct that "deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States," *Pitchell*, 13 F.3d at 547, rather than conduct that deprived him of a right that may exist under New York law. Plaintiff has failed to do so. Any issues related to a defect in the state's grand jury process would be strictly a matter of New York law, not a matter of federal constitutional law. *See McKelvey v. Bradt*, No. 13-cv-3527 (CM)(DF), 2016 WL 3681457, at *11 (S.D.N.Y. July 6, 2016) (argument that a state court defendant was denied "the right to appear before the grand jury," which

6

"relied on state law, primarily . . . the New York Criminal Procedure law governing grand jury proceedings[,] . . . ha[d] not identified any federal law or constitutional right upon which this . . . claim was based").

Second, even if the court liberally construed Plaintiff's complaint to allege a plausible constitutional or other federal claim for relief, Plaintiff has failed to name a proper defendant in his complaint. Each named defendant is discussed briefly below.

### I. The Suffolk County District Attorney's Office

Plaintiff named the Suffolk County District Attorney's Office as a defendant in this action, but that office is immune from suit. The Eleventh Amendment to the United States Constitution provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. Although "the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Thus, "as a general rule, state governments may not be sued in federal court unless they have waived their

7

Eleventh Amendment immunity[.]" *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).

The Eleventh Amendment immunity enjoyed by states can extend to local governments, and, specifically, to a district attorney's office exercising its prosecutorial functions. *See, e.g., Baskerville v. Richmond Cnty.*, No. 19-cv-002 (AMD), 2019 WL 2162595, at *2 (E.D.N.Y. May 16, 2019) (the "plaintiff's claims against the Office of the Richmond County District Attorney concern its prosecution of the plaintiff and . . . [t]hus, the plaintiff's claims are barred by the Eleventh Amendment"); *White v. Vance*, No. 10-cv-6142 (NRB), 2011 WL 2565476, at *4 (S.D.N.Y. June 21, 2011) ("because plaintiff asserts claims for monetary relief, any claims against the [New York County District Attorney's] Office are also barred by the Eleventh Amendment").

Accordingly, any claims Plaintiff could bring against the Suffolk County District Attorney's Office related to its prosecution of Plaintiff would be barred the Eleventh Amendment.

**II. Assistant District Attorney Jacob E. Delauter**

As he did in his first lawsuit, Plaintiff named Suffolk County Assistant District Attorney Jacob E. Delauter as a defendant in this action. As explained in this court's Memorandum and Order dismissing Mr. Delauter as a defendant in the other case, claims against prosecutors are also barred by

8

the Eleventh Amendment. (*See* Case No. 20-cv-4719 (KAM)(LB), ECF No. 6, Memorandum and Order, at 8-10); *see also Santulli v. Russello,* 519 Fed. Appx. 706, 711 (2d. Cir. 2013) ("It is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process.").

Thus, Mr. Delauter is entitled to absolute immunity from any claims related to his role in prosecuting Plaintiff. For the same reasons that Mr. Delatuer was dismissed from Plaintiff's other case, Plaintiff cannot state a claim against Mr. Delauter in this lawsuit.

### III. Plaintiff's Defense Attorney

Lastly, Plaintiff also named his criminal defense attorney, Peter Mayer IV, and Mr. Mayer's law firm, Mayer Baron PLLC, as defendants in this action. Because Section 1983 imposes liability for constitutional violations by state actors, Mr. Mayer and his law firm, neither of which are government entities, cannot be liable under Section 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). Because Plaintiff has failed to allege any facts that could plausibly support a finding that Mr. Mayer and Mayer Baron PLLC were state actors, or were acting under color of

state law at the time of the alleged civil rights violations, Plaintiff cannot state a Section 1983 claim against them. *See Licari v. Voog*, 374 Fed. Appx. 230, 231 (2d Cir. 2010) ("It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of [Section] 1983 claims.").

Further, Plaintiff's only allegations against Mr. Mayer or his law firm are that Mr. Mayer rendered ineffective assistance of counsel related to the grand jury proceedings in state court, and that Mr. Mayer failed to obtain or provide documents from the proceedings. (*See* Compl. at 8-9.) Claims of ineffective assistance of counsel must be raised either in a separate disciplinary process through the New York Bar, or during Plaintiff's state court criminal proceedings, or, if Plaintiff is ultimately convicted, during the post-conviction proceedings (such as his appeals in state court and then a petition for a writ of *habeas corpus* in federal court). *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("*habeas corpus* is the appropriate [federal court] remedy for state prisoners attacking the validity of . . . their confinement").

## Conclusion

Plaintiff has failed to plausibly allege a violation of his rights under the United States Constitution or federal law. Moreover, Plaintiff has failed to name any defendant who

10

could be liable under Section 1983. Thus, Plaintiff's complaint is DISMISSED with prejudice, as any amendment would be futile. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A(b).

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and close this case. The Clerk of Court is further directed to mail a copy of this Memorandum and Order and the judgment to Plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

Dated:  Brooklyn, New York
        March 24, 2021

                                            /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge